Oakley, Oh. J.,
(with the concurrence of all the Justices.)— We have come to the conclusion that the plaintiff is not entitled to this double interest. ■ This formula has been used in remit *678 titurs from the court of errors for many years. It was adopted at a period when judgments did not bear interest. At common law interest was not collectible on any judgment. The statute at first allowed its collection on judgments recovered upon contract ; and finally, in 1844, the statute extended the provision to all judgments. The statute relative to writs of error and appeals provides that on the affirmance of a judgment, the defendant in error shall recover “ damages for the delay and vexation, to be assessed in the discretion of the court of error,” and on an appeal, “ the court may, in its discretion, award damages for the delay and vexation caused by such appeal.” (2 R. S. 618, §§ 32, 35.) It seemed to contemplate that the court, whenever it exercised the discretion conferred, should award some specified amount as and for damages.
It is argued that as interest is now recoverable on all judgments, this clause in the remittitur is nugatory, unless it have the effect to give double interest, and so we consider it. The formula used is not an assessment of damages under the statute giving damages, and it does not show to us clearly that the court intended to give any thing as damages beyond the interest on the judgment once computed. The clerk of the court of appeals, in a letter which was produced on the motion, states that the court never allows double interest. And we think that on principle, we ought not to allow the double interest claimed by the plaintiff.